UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE,
TRAINING AND LABOR MANAGEMENT
COOPERATION TRUST FUNDS OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY
THEIR TRUSTEES EDWIN L. CHRISTIAN,
JOHN CRONIN, THOMAS D. GORDON,
KENNETH KLEMENS, JR., TYREEF BEVEL,
JOHN F. O'HARE, WILLIAM TYSON and
MICHAEL SALGO, and INTERNATIONAL
UNION OF OPERATING ENGINEERS                    REPORT AND
LOCAL 14-14B, AFL-CIO, BY ITS                   RECOMMENDATION
BUSINESS MANAGER EDWIN L.                       23 CV 1208 (FB)(RML)
CHRISTIAN,

                              Plaintiffs,

        -against-

REGAL USA CONCRETE, INC.,

                              Defendant.

-----------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated April 5, 2023, the Honorable Frederic Block, United States

District Judge, referred plaintiffs' motion for default judgment to me for report and

recommendation.  For the reasons stated below, I respectfully recommend that plaintiffs' motion

be granted.

                         BACKGROUND AND FACTS

        Plaintiffs Annuity, Pension, Welfare, Training and Labor Management

Cooperation Trust Funds of the International Union of Operating Engineers Local 14-14B, AFL-

CIO ("the Funds"), by their trustees, and International Union of Operating Engineers Local 14-

14B, AFL-CIO ("the Union") (together, "plaintiffs") brought this action on February 14, 2023,

under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to employee benefit plans. (Complaint, dated Feb. 14, 2023 ("Compl."), Dkt. No. 1, ¶ 1.) Plaintiffs are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, and their principal place of business is in Flushing, New York. (Id. ¶ 4.) Defendant Regal USA Concrete, Inc. ("Regal USA" or "defendant") is a foreign and New York corporation with its principal place of business in Staten Island, New York. (Id. ¶¶ 13-15.) Regal USA is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 301 of the LMRA, 29 U.S.C. § 185. (Id.)

Plaintiffs allege that Regal USA was a party to a collective bargaining agreement (the "CBA") because of its membership in the Cement League, Inc., a contractor association, and that Regal USA agreed to be bound by the CBA's terms and conditions. (Id. ¶ 17; CBA, annexed to the Affidavit of James M. Steinberg, Esq., sworn to Mar. 28, 2023 ("Steinberg Aff."), as Ex. B, Dkt. No. 10-2.) The CBA requires Regal USA to remit, at specified rates, contributions to the annuity, voluntary annuity, pension, welfare, training, and labor management cooperation trust funds based on each regular or straight and double time hour of work performed by employees covered by the CBA. (Compl. ¶ 18.) The CBA also requires Regal USA to remit, at specified rates, employee allocated dues assessment and defense fund payments to the Union based on each straight and double time hour of work performed by employees covered by the CBA. (Id. ¶ 19.) Additionally, the CBA requires Regal USA to make its books and records available to plaintiffs' designated representative in order to determine if the proper amount in annuity, voluntary annuity, pension, welfare, training, and labor management

2

cooperation trust fund contributions, along with dues assessment and defense fund payments, have been made to plaintiffs as required by the CBA.  (Id. ¶ 20.)

Plaintiffs allege that Regal USA has failed to produce its books and records so that they can determine if the annuity, voluntary annuity, pension, welfare, training, and labor management cooperation trust fund contributions and dues assessment and defense fund payments have been properly paid.  (Id. ¶ 27.)  As a result, plaintiffs demand an audit of the books and records of Regal USA for the period of July 1, 2018 through January 31, 2023.  (Id.)  Regal USA has not responded to the complaint.  Accordingly, the Clerk of the Court entered a certificate of default against Regal USA on April 3, 2023.  (Certificate of Default, dated Apr. 3, 2023, Dkt. No. 7.)  Plaintiffs filed the instant motion for default judgment on March 28, 2023.  (Motion for Default Judgment, dated Mar. 28, 2023, Dkt. No. 8.)  Judge Block referred the motion to me for report and recommendation on April 5, 2023.  (Order, dated Apr. 5, 2023.)

## DISCUSSION

### I.     Liability

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," as it has done here.  FED. R. CIV. P. 55(a).  Second, after a default has been entered against the defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment.  FED. R. CIV. P.  55(b)(2).  To grant a default judgment, the court must ensure that the plaintiff took all the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit.  Here, plaintiffs have filed an affidavit of a licensed

3

process server attesting that Regal USA was served via the New York Secretary of State

pursuant to Rule 4(h)(1)(b) of the Federal Rules of Civil Procedure and New York Business

Corporation Law § 304(a).  (See Affidavit of Service of Sarah Roberts, sworn to Mar. 1, 2023,

Dkt. No. 5.)  Plaintiffs have also demonstrated that they served the Motion for Default Judgment

and accompanying submissions on defendant in compliance with Local Rule 55.2(c).  (See

Certificate of Service, filed Apr. 5, 2023, Dkt. No. 12.)  Defendant has failed to appear, respond

to the complaint, or respond to plaintiffs' application for default.  The grounds for default are

therefore clearly established and I recommend entering judgment by default.

A defendant's "default is deemed to constitute a concession of all well pleaded

allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155,

158 (2d Cir. 1992).  In civil actions, when a party fails to appear after having been given notice,

the court normally has justification for entering default.  Bermudez v. Reid, 733 F.2d 18, 21 (2d

Cir. 1984).  However, upon default, allegations pertaining to damages are not deemed admitted.

Greyhound, 973 F.2d at 158.  The movant must establish its entitlement to the recovery of

damages.  Id.  The court may conduct a hearing or rely on affidavits or other documentary

evidence to determine damages.  See FED. R. CIV. P. 55(b)(2).

Under Section 515 of ERISA, defendant is required to make contributions to the

Funds in accordance with the terms of the CBA.  See 29 U.S.C. § 1145.  In an ERISA action

brought by a fiduciary for or on behalf of a benefit plan to enforce rights under Section 1145, the

statute specifies the damages to be awarded when judgment is entered in favor of the plan as:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>> (i) interest on the unpaid contributions, or

>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

Id. § 1132(g)(2).  In addition, the LMRA authorizes federal lawsuits "for violation of contracts between an employer and labor organization representing employees in an industry affecting commerce."  Id. § 185(a).  Defendant's failure to remit dues to the Union and contributions to the Funds is in violation of the CBA and underlying trust agreements, and as a matter of contract law and under both ERISA and the LMRA, plaintiffs are entitled to a finding of liability against Regal USA on behalf of the Funds and the Union.  See Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999).

## II.     Damages

Plaintiffs seek: (1) an order authorizing the audit of Regal USA's payroll records for the period of July 1, 2018 through January 31, 2023; (2) in the event that a deficiency is calculated based on the review of payroll records, the opportunity to return to this court to seek further relief, including damages relating to the scheduled deficiency amount, interest, statutory damages, further attorney's fees, audit costs, and other costs associated with any such petition; (3) attorney's fees in the amount of $2,387; and (4) the costs expended by plaintiffs to date in connection with this litigation in the amount of $524.  (Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment, dated Mar. 28, 2023 ("Pls.' Mem."), Dkt. No. 11, at 6-7.)  I will address each in turn.

### a.   Audit Request and Further Relief

According to the CBA, plaintiffs are entitled to an audit of the books and records of Regal USA.  (Compl. ¶ 22.)  The CBA states that "[t]he Employer shall make available to the

5

auditors of the Pension, Welfare, Annuity Voluntary, Annuity and Training Funds provided for in this Agreement . . . any and all records which . . . may be required to determine whether the Employer has made the contributions it is obligated to make pursuant to this Agreement." (See CBA, Art.VI § 14.)  The Annuity Fund Restated Trust Agreement and Amendment ("Trust Agreement") gives plaintiffs the authority to audit and examine an employer's payroll and tax records. (See Trust Agreement, annexed to the Steinberg Aff. as Ex. C, Dkt. No. 10-3.)  By ignoring plaintiffs' initial demands for an audit covering the period from July 1, 2018 through January 31, 2023, as well as the demand stated in the complaint, Regal USA has not fulfilled its obligations outlined in the CBA.

In an action for nonpayment of employee benefit fund contributions, a court may grant "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2) (E).  Such relief includes an injunction compelling defendant to submit to an audit of its financial records, as the Trust Agreement's terms require. See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 581 (1985) (recognizing the right of employee benefit plan trustees to conduct ERISA audits); Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Engineers, Loc. 14–14B, AFL–CIO v. Drama Construction Corp., No. 06 CV 6148, 2007 WL 1827830, at *1, 3 (E.D.N.Y. June 22, 2007) (citations omitted) (granting injunction compelling employer to submit to an audit of its financial records under ERISA); Mingoia v. Am. Lath & Plaster Co., No. 03 CV 6491, 2004 WL 2782010, at *3 (S.D.N.Y. Dec. 2, 2004) (issuing injunction requiring an employer to submit to an audit, as required by the parties' collective bargaining agreement).  Therefore, I respectfully recommend that plaintiffs' request for an order permitting an audit of Regal USA's payroll records for the period of July 1, 2018 through January 31, 2023 be granted.

6

Furthermore, if an audit is conducted and it is determined that there is a deficiency in the contribution amounts, plaintiffs request the unpaid contributions, interest, statutory damages, and cost of the audit.  (Pls.' Mem. at 9.)  However, "[s]ince an audit of defendant's employee payroll records has not yet been conducted, there is no basis for awarding these damages."  Annuity, Pension, Welfare, & Training Funds of the Int'l Union of Operating Engineers, Loc. 14–14B, AFL–CIO v. A.J.S. Trucking & Excavating Corp., No. 06 CV 701, 2007 WL 539152, at *4 (E.D.N.Y. Feb. 16, 2007).  Therefore, I respectfully recommend that plaintiffs be granted leave to file supplemental briefing requesting unpaid contributions, interest, statutory damages, and costs in the event that the audit reveals a deficiency.

b.  Attorney's Fees and Costs

Plaintiffs seek an award of $2,387 in attorney's fees and $524 in costs (Pls.' Mem. at 6-7) under 29 U.S.C. § 1132(g)(2)(D), which mandates that courts award reasonable attorney's fees and costs in ERISA actions.  See Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 CV 9044, 2003 WL 1960584, at *1, 3-4 (S.D.N.Y. Apr. 25, 2003) (awarding attorney's fees and costs under 29 U.S.C. § 1132(g)(2)(D) in an action where the court ordered an audit under ERISA and granted default judgment).

In the Second Circuit, courts calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects what "a reasonable, paying client would be willing to pay."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008) (internal quotations omitted).  In performing this analysis, the court has "considerable discretion."  Id. at 190. Claims for attorney's fees in the Second Circuit generally must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and

7

the nature of the work done."  New York State Ass'n for Retarded Children, Inc. v. Carey, 711

F.2d 1136, 1148 (2d Cir. 1983).  Plaintiffs' request for attorney's fees is supported by their

counsel's affidavit and a summary of contemporaneous time records identifying the dates, rates,

hours spent, and work performed by James M. Steinberg, a partner at Brady McGuire &

Steinberg, P.C.  (Steinberg Aff. ¶¶ 11-12, Ex. I.)

    To determine what constitutes a reasonable hourly rate, the court looks to the

hourly rates that attorneys routinely charge for comparable work in the Eastern District of New

York.  Loc. No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Tr. Fund v.

Crops Design Corp., No. 12 CV 4218, 2013 WL 5460871, at *6 (E.D.N.Y. Sept. 30, 2013).  In

this district, the prevailing hourly rates are generally "$200 to $450 for partners in law firms,

$200 to $325 for senior associates, [and] $100 to $200 for junior associates . . . ."  Noboa v.

Quality Homes USA, Inc., No. 21 CV 7134, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023)

(citation and quotation marks omitted); see also Perrone v. Amato, No. 09 CV 316, 2022 WL

595187, at *3 (E.D.N.Y. Feb. 27, 2022) (prevailing hourly rates "generally range from $300.00

to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience.")

"Courts have also recognized 'the relative simplicity of ERISA default cases by consistently

approving rates that are closer to the lower end of the typical ranges.'"  Trs. of Pavers & Rd.

Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement &

Safety Funds v. Shelbourne Constr. Corp., No. 20 CV 1980, 2021 WL 7908024, at *6 (E.D.N.Y.

Jan. 4, 2021) (quoting Gesualdi v. Lubco Transp. Inc., No. 15 CV 6727, 2017 WL 946297, at *4

(E.D.N.Y. Feb. 22, 2017)).

    Mr. Steinberg's affidavit and time records show that he worked 5.5 hours on this

case.  (Steinberg Aff. ¶ 12.)  The hours billed in this case are consistent with the amount of time

that has been found to be compensable in other default judgment ERISA actions.  Accordingly, I find that the amount of time billed by Mr. Steinberg is reasonable.  See Trs. of Loc. 7 Tile Industry Welfare Fund v. City Tile, Inc., No. 10 CV 322, 2011 WL 7041411, at *3 (E.D.N.Y. Dec. 7, 2011), report and recommendation adopted, 2012 WL 123022 (E.D.N.Y. Jan. 17, 2012) (finding 11.25 hours of legal work in an ERISA default judgment to be reasonable).

       For his work in this case, Mr. Steinberg billed at the rate of $434 per hour. (Steinberg Aff. ¶ 12.)  "Courts in this district have recently approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates, and $70 to $100 for paralegal assistants."  Trs. of Bldg. Trades Educ. Benefit Fund v. Petry, No. 20 CV 4617, 2021 WL 7908053, at *9 (E.D.N.Y. Dec. 22, 2021).  Accordingly, as a partner in a law firm with over twenty-five years of legal experience, counsel's requested rate of $434 per hour is reasonable. (See Steinberg Aff. ¶¶ 11-12.)  Therefore, I respectfully recommend that plaintiffs be awarded $2,387 in attorney's fees, consisting of 5.5 hours of work at $434 per hour.

       Plaintiffs also seek to recover costs in the amount of $524, representing $402 in filing fees and $122 for service of process.  (Pls.' Mem. at 12.)  An award of reasonable costs is mandatory in a successful action to recover delinquent contributions, and courts generally award "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients."  Trs. of the Rd. Carriers Local 707 Welfare Fund v. Goldberg, No. 08 CV 0884, 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009) (citation omitted); see also 29 U.S.C. § 1132(g)(2)(D).  Courts in this district have found that filing fees and service costs are reasonable and reimbursable.  See, e.g., Finkel v. Rico Electric, Inc., No. 07 CV 2145, 2009 WL 3367057, at *1, 8 (E.D.N.Y. Oct. 16, 2009) (citation omitted).  Thus, I respectfully recommend that plaintiffs be awarded $524 in costs.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for a default judgment be granted and that Regal USA be ordered to cooperate with plaintiffs' audit request for the period of July 1, 2018 through January 31, 2023. I further recommend that if, after completion of the audit, plaintiffs determine that Regal USA failed to properly contribute to the Funds, then plaintiffs should be permitted to file supplemental briefing requesting additional relief with proper evidentiary support. Finally, I recommend that plaintiffs be awarded $2,387 in attorney's fees and $524 in costs, for a total of $2,911.

Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant by first-class mail and to file proof of service within three days. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a courtesy copy to Judge Block, within fourteen days. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____/s/_____

ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        September 28, 2023

10